

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-53,499-02

### EX PARTE LARRY EDGAR ESTRADA, Applicant

## ON APPLICATION FOR WRIT OF HABEAS CORPUS
## CAUSE NO. 746585-B IN THE 262nd DISTRICT COURT
## HARRIS COUNTY

*Per curiam*. YEARY and PARKER, JJ., dissented.

### O P I N I O N

We have before us a subsequent application for a writ of habeas corpus filed pursuant to Texas Code of Criminal Procedure Article 11.071, Section 5.[1]

In February 1998, a jury convicted Applicant of capital murder for committing murder in the course of a convenience store robbery. TEX. PENAL CODE § 19.03(a)(2). The jury answered the special issues submitted pursuant to Article 37.071 and the trial court, accordingly, set punishment at death. This Court affirmed Applicant's conviction

---

[1] All references to "Articles" in this order refer to the Texas Code of Criminal Procedure unless otherwise specified.

and sentence on direct appeal. *Estrada v. State*, No. AP-73,054, slip op. (Tex. Crim. App. Sept. 15, 1999) (not designated for publication). We denied relief on Applicant's initial application for a writ of habeas corpus. *Ex parte Estrada*, No. WR-53,499-01 (Tex. Crim. App. Oct. 9, 2002) (not designated for publication).

On December 12, 2019, Applicant filed this subsequent writ application in the habeas court. He raised two claims in his application. In his first claim, Applicant alleged that his execution would violate the Eighth and Fourteenth Amendments because he is intellectually disabled under *Atkins v. Virginia*, 536 U.S. 304 (2002). In his second claim, Applicant asserted that his death sentence violates due process because the State withheld material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). We determined that Applicant's intellectual disability allegation (Claim 1) satisfied Article 11.071, Section 5(a)(1), and we remanded it to the habeas court for further consideration. *Ex parte Estrada*, No. WR-53,499-02 (Tex. Crim. App. July 1, 2020) (not designated for publication).

In June 2024, the parties jointly submitted agreed proposed findings of fact and conclusions of law to the habeas court. On June 26, 2024, the habeas court signed the parties' agreed proposed findings and recommended that we grant habeas relief on Applicant's intellectual disability claim.[2] Having reviewed the record in this case, we

---

[2] The findings cite both the American Psychiatric Association's *Diagnostic and Statistical Manual of Mental Disorders*, Fifth Edition, Text Revision (2022) ("DSM-5-TR") and the American Association on Intellectual and Developmental Disability's *Intellectual Disability: Definition, Classification, and System of Supports*, Twelfth Edition (2021) ("AAIDD-12"). Findings #15 and #24 state that the "developmental period" for intellectual disability diagnosis is "defined as" and "understood

agree with the parties and the habeas court that Applicant has met his burden to establish by a preponderance of the evidence that he is a person with intellectual disability. *Atkins*, 536 U.S. at 321. Based on the trial court's findings and conclusions and our own review, we grant relief by reforming Applicant's sentence of death to a sentence of life imprisonment.

With respect to Applicant's *Brady* allegation (Claim 2), we find that Applicant has failed to satisfy the requirements of Article 11.071, Section 5. Accordingly, we dismiss this claim as an abuse of the writ without reviewing the merits.

Delivered:    April 16, 2025
Do not publish

---

within the medical community to be before age 22." Finding #49 acknowledges that the AAIDD-12 and the DSM-5-TR define the developmental period differently.

The AAIDD-12 states that the developmental period ends at age 22, while the DSM-5-TR does not specify when the developmental period ends—it just equates the developmental period with "childhood or adolescence." DSM-5-TR at 42. Both experts concluded that Applicant's intellectual and adaptive deficits emerged before he turned 18. There is therefore no need for us to decide in this case whether the developmental period extends all the way to age 22.